**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Vance SMITH, Defendant-Appellant.**

**No. 77–1402.**

United States Court of Appeals,
Seventh Circuit.

Heard Dec. 7, 1977.

Decided Feb. 22, 1978.

Rehearing and Rehearing En Banc
Denied April 14, 1978.

Edward M. Genson, Jeffrey B. Steinback, Chicago, Ill., for defendant-appellant.

Thomas P. Sullivan, U.S. Atty., James A. McGurk, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and SPRECHER, Circuit Judges, and CAMPBELL, Senior District Judge.*

## PER CURIAM.

In November 1972, a jury found defendant guilty of firearm offenses under 18 U.S.C. §§ 922(a)(6) and 924(a). He received a three-year sentence under Count 1 and was placed on probation for five years on Count 2, the sentence on Count 2 to run consecutively to the three-year prison term. However, on January 22, 1974, the district judge suspended the execution of the remainder of the term of imprisonment and placed defendant on probation for a five-year period. Condition 1 of defendant's probation was to refrain from "the violation of any law." Subsequently, the Government contended that defendant violated his probation on October 29, 1975, when he allegedly participated in an armed robbery in violation of Illinois law.

The probation revocation proceeding consisted of two hearings, the first on February 8 and the second on April 4, 1977. At the conclusion of those hearings, which took place before the state court trial, Judge Kirkland revoked defendant's probation upon being "reasonably satisfied" that defendant had committed armed robbery of a female mail carrier on October 29, 1975, and sentenced him to 18 months' imprisonment.

On appeal, defendant's principal argument is that the trial court should not have used the "reasonably satisfied" standard in determining whether defendant had violated Condition 1 of his probation. Defendant has asked us to reject the "reasonably satisfied" standard in favor of the "preponderance of the evidence" standard adopted in *United States v. Iannece,* 405 F.Supp. 599 (E.D.Pa.1975).[1] However, on appeal of that case the Third Circuit adhered to the "reasonably satisfied" standard. *United States v. Manuszak,* 532 F.2d 311, 317 (3d Cir. 1976).[2] Since conviction is not a prerequisite to the revocation of probation (*United States v. Markovich,* 348 F.2d 238, 240 (2d Cir. 1965)) and defendant has already been convicted of federal firearm offenses, we adhere to the rule that a district court may revoke probation when "reasonably satisfied" that the probationer has violated a condition of his probation. A stricter standard could often result in poor risk convicted felons remaining at large and thus be against the public interest. See *Morrissey v. Brewer,* 408 U.S. 471, 483, 92 S.Ct. 2593, 33 L.Ed.2d 484. It would also force already overburdened district judges to give probationers virtually a completely new trial of their violations. See *Gagnon v. Scarpelli,* 411 U.S. 778, 788, 93 S.Ct. 1756, 36 L.Ed.2d 656. In our view and that of the other Circuits (note 2 *supra*), due process is not violated when a district court is "reasonably satisfied" by the evidence that a condition of probation has been violated.

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. See also *United States v. Sample,* 378 F.Supp. 44 (E.D.Pa.1974); *People v. Crowell,* 53 Ill.2d 447, 292 N.E.2d 721 (1973); American Bar Association Report on Standards for Criminal Justice, Standard Relating to Probation § 5.4(a)(iii) (1970), where the Advisory Committee cited three state court precedents without any meaningful discussion.

2. To the same effect, see *United States v. Nagelberg,* 413 F.2d 708 (2d Cir. 1969), certiorari denied, 396 U.S. 1010, 90 S.Ct. 569, 24 L.Ed.2d 502; *United States v. Cates,* 402 F.2d 473 (4th Cir. 1968); *United States v. Bryant,* 431 F.2d 425 (5th Cir. 1970); *United States v. Strada,* 503 F.2d 1081 (8th Cir. 1974); *United States v.*

*Carrion,* 457 F.2d 808 (9th Cir. 1972); *Yates v. United States,* 308 F.2d 737 (10th Cir. 1962).

In both *Iannece* and *Sample,* the federal cases cited by the defendant as establishing the "preponderance of the evidence standard," the preference voiced for that standard was not a holding because in each case the district judge concluded that the evidence of defendant's violation had been proven beyond a reasonable doubt. *United States v. Iannece, supra,* at 603; *United States v. Sample, supra,* at 51.

The Supreme Court has not specifically discussed the standard of proof required in probation revocation hearings, but its opinion in *Gagnon v. Scarpelli,* 411 U.S. 778, 789–790 n.12, 93 S.Ct. 1756, 36 L.Ed.2d 656, indicates that the Court viewed the proposition that probation could be revoked on less than a "beyond a reasonable doubt standard" as so obvious that it did not merit discussion.

■ Defendant next argues that even under the "reasonably satisfied" standard, there was insufficient evidence to sustain a finding that he had violated a condition of his probation. We disagree. The robbery victim identified defendant as one of the two robbers. She also testified that defendant had pointed a sawed-off shotgun at her. Her credibility was of course for the trial judge to appraise. Her identification was corroborated at the lineup by another mail carrier,[3] and defendant's car was used during the robbery. Likewise, his alibi was not convincing. Indeed, the district judge would have been warranted in concluding that defendant was one of the armed robbers even under a "beyond a reasonable doubt" standard. It is immaterial that defendant was later acquitted of the state court charge where the burden of proof was of course greater. See *United States v. Chambers*, 429 F.2d 410, 411 (3d Cir. 1970).

■ Defendant also asserts that the district judge erroneously considered hearsay

evidence when he admitted the victim's testimony of a conversation she had with another postal employee who was working near the scene of the crime and apparently had also seen the robbers. Although Rule 1101(d) of the Federal Rules of Evidence provides that the Rules (other than with respect to privileges) do not apply to probation revocation hearings, the Supreme Court in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656, did include within the minimum due process standards applicable to probation revocation a conditional "right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 786, 93 S.Ct. at 1762. To allow one witness to repeat the story of another witness in the form of a hearsay statement would seem to violate this right to cross-examine, and the circumstances of this case do not place the testimony within the exception to the right outlined in *Gagnon* and applied in *United States v. Miller*, 514 F.2d 41 (9th Cir. 1975)

**3.** Defendant attacks the lineup at which both the victim and the other postal worker identified him on the ground that he was the only man in the lineup with a full beard and that as a result the lineup violated the due process standards articulated in *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, and *United States v. Sanders*, 156 U.S.App.D.C. 210, 479 F.2d 1193 (1973). Although the defendant does not explain why these standards apply with the same force to the less formal probation revocation hearing before a judge (see *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656), a suggestive lineup at least would be relevant to determine whether the evidence is sufficient to support the finding of a violation. However, on the facts of this case defendant did not offer any persuasive evidence of suggestibility. His argument on appeal that the other mail carrier described the robber to police before the lineup as having a full beard and told the victim of that description is not reflected in the record. What the record shows is that the victim told police the robber had a moustache (Tr. 41). If the description given police had included a full beard and the police had then set a lineup with only one bearded man, identification produced by such a lineup might not be sufficient to justify "reasonable satisfaction" without other circumstances indicating reliability. See *Israel v. Odom*, 521 F.2d 1370, 1373–1374 (7th Cir. 1975); *United States ex rel. Cannon v. Mon-*

*tayne*, 486 F.2d 263 (2d Cir. 1973), certiorari denied, 416 U.S. 962, 94 S.Ct. 1982, 40 L.Ed.2d 313, on remand, 388 F.Supp. 1201 (W.D.N.Y.), affirmed, 527 F.2d 702 (2d Cir. 1975). But in this case defendant's beard at the lineup did not match the victim's initial description of his having a moustache, and defendant does not claim that defendant was the only man in the lineup with any facial hair. While it might have been better practice to include a second bearded man in the lineup, defendant offers no authority to support the proposition that having no bearded man in the lineup other than defendant makes the lineup suggestive when the victim initially described the robber as having a moustache. Thus the defendant's evidence gave the district court no reasonable ground on which to disregard completely the lineup identification. See *United States v. Medina*, 552 F.2d 181, 190 (7th Cir. 1977).

While it would have been preferable for the district court to have made some inquiry (short of the formal hearing used in criminal prosecutions, see *Montayne, supra*) into the challenged lineup, (cf. *Gagnon, supra*, 411 U.S. at 786, 93 S.Ct. 1756), we do not regard that omission as fatal because defendant did have the opportunity to present evidence about the lineup and did not even argue in this Court that the district judge's view of the lineup was affected by the lack of a more detailed inquiry.

and *United States v. Pattman,* 535 F.2d 1062 (8th Cir. 1976), the two cases on which the Government relies.[4] On the facts of this case, however, we find any such denial to be harmless error for two reasons. First, contrary to defendant's contention, our reading of the transcript reveals that the hearsay admitted did not contain a damaging identification but rather related only to items such as the car used by the robbers, which defendant admitted belonged to him. Second, the other postal employee, whose statements were repeated by the victim, later testified on the same subject matter and was available for cross-examination, thus reducing or even eliminating, at least when the hearing is before a judge and not a jury, the applicability of the policies behind the hearsay rule. See Federal Rule of Evidence 803(24); cf. McCormick on Evidence § 326 (2d ed. 1972); Federal Rule of Evidence 806.

Before revoking defendant's probation, the district judge stated that he was not considering defendant's state marijuana conviction, the identification cards or shotgun barrel. Therefore, defendant's argument that the judge should not have considered the state marijuana conviction or the physical evidence found in defendant's apartment is frivolous.

The order revoking defendant's probation is affirmed.

---

**4.** *Gagnon* specifically excepts from the rule requiring cross-examination certain types of "conventional substitutes" to direct testimony that have recognized indicia of reliability, such as affidavits, depositions and documentary evidence. 411 U.S. at 783, n.5, 93 S.Ct. 1756. *Miller* and *Pattman* involved the use of documents from police or court files.