UNITED STATES of America,
Plaintiff–Appellee,

v.

David FLEMING, Defendant–Appellant.

No. 93–1492.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 13, 1993 *.

Decided Nov. 18, 1993.

Steven Pray O'Connor, Asst. U.S. Atty. Office of the U.S. Atty., Madison, WI, for plaintiff-appellee.

T. Christopher Kelly, Madison, WI, for defendant-appellant.

Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.

**1254**

PER CURIAM.

David Fleming appeals an order of the district court sentencing him to eighteen months' imprisonment upon revocation of his supervised release. Fleming argues that the district court abused its discretion in calculating his sentence based on proof of a state felony conviction that is currently on appeal. U.S.S.G. §§ 7B1.1, 7B1.3 and 7B1.4.

On October 14, 1991, Fleming commenced a three-year period of supervised release following a sixteen-month prison sentence that he received for distributing marijuana in violation of 21 U.S.C. § 841. A review of Fleming's supervised release took place on February 18, 1993. The district court concluded that Fleming had violated Condition 1 of his supervised release, which states that the defendant shall not commit another federal, state or local crime. Fleming had been convicted in Wisconsin of a felony, intimidation of a witness, and three misdemeanors, obstructing an officer, battery and bail jumping. At the revocation hearing, the government introduced certified copies of the judgments of conviction. No additional evidence was presented. The felony conviction enabled the district court to consider a guideline range six months in excess of the six to twelve month range stipulated for the misdemeanors. It is this additional six months' imprisonment that Fleming contests.

Fleming raises a question of first impression under the Sentencing Guidelines: Whether a certified copy of a judgment of conviction can be the sole basis for revoking supervised release when the judgment is pending on appeal. However, two pre-Guidelines decisions guide our inquiry— *United States v. Dick,* 773 F.2d 937, 938 n. 1 (7th Cir.1985), *overruled on other grounds by United States v. Yancey,* 827 F.2d 83 (7th Cir.1987), and *United States v. Smith,* 571 F.2d 370, 372 (7th Cir.1978).

In *Dick* this court noted that the fact that a state conviction is on appeal is irrelevant to the determination of whether revocation of probation is appropriate. The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation. This holding is consistent with the other Circuits. *See*

*United States v. Gentile,* 610 F.2d 541, 542 (8th Cir.1979) ("Federal courts have consistently ruled that a criminal conviction provides sufficient grounds for revocation of probation even though an appeal from the conviction is still pending."); *Roberson v. State of Connecticut,* 501 F.2d 305, 308 (2d Cir. 1974) (citing consensus among the circuits); *cf. United States v. Lustig,* 555 F.2d 751, 753 (9th Cir.1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 889, 54 L.Ed.2d 796 (1978) (also considering excerpts of defendant's testimony at trial).

A conviction is not a prerequisite to the revocation of probation. In *Smith* this court adopted the rule that a district court may revoke probation when "reasonably satisfied" that the probationer has violated a condition of his probation. 571 F.2d at 372; *see also United States v. Torrez–Flores,* 624 F.2d 776, 780 (7th Cir.1980) (holding that "in a probation revocation hearing the power to revoke probation is discretionary as is the judge's initial decision to grant probation.").

Notwithstanding, Fleming argues that as long as an appeal is pending, there has been no final determination of guilt. Fleming hypothesizes a situation in which the conviction is overturned for insufficient evidence and asserts that absent additional proof of the offense, the district court could not reasonably find sufficient grounds to support a revocation. A revocation proceeding, however, is not a stage of criminal prosecution. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972); *see also United States v. Kirtley,* 5 F.3d 1110 (7th Cir.1993).

In *Smith* we stated that requiring a standard stricter than "reasonable satisfaction" runs contrary to the public interest by forcing the district court to give probationers effectively a new trial of their violations. 571 F.2d at 372. The court need not find by a preponderance of the evidence that a violation has occurred; "reasonable satisfaction" will suffice. *Torrez–Flores,* 624 F.2d at 782.

Absent a conviction, the government must provide alternative evidence sufficient to establish to a reasonable satisfaction that the offense occurred. However, when the probationer has been convicted of the offense, there is sufficient evidence to meet the lower revocation standard. To require the government to present additional evidence when the conviction is on appeal in order to meet the lower revocation standard is duplicative and wasteful. For the aforementioned reasons, we AFFIRM.