92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sir Victor W. BRYANT, I, Defendant-Appellant.
 No. 95-3769.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 
 Before CUMMINGS, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 The district court revoked Victor W. Bryant's probation and sentenced him to ten months' imprisonment to be followed by 3 years' supervised release. Bryant appealed, and his attorney filed a motion to withdraw as counsel.[1] We grant the motion to withdraw and dismiss the appeal.
 
 Facts
 
 2
 In November 1993, Bryant pleaded guilty to a single count of credit card fraud, 18 U.S.C. § 1029(a)(2). Because Bryant had an Offense Level of 9, a Criminal History Category of I, and his offense was a Class C felony, see 18 U.S.C. §§ 1029(c)(1), 3559(a)(3), he was eligible for probation under U.S.S.G. § 5B1.1. The district court sentenced Bryant to serve four years' probation, the first four months of which were to be served on work release in a "jail-type facility," and to pay restitution. This court affirmed Bryant's sentence on appeal. United States v. Bryant, 35 F.3d 568 (1994) (unpublished disposition).
 
 
 3
 In October 1995, Bryant's probation officer petitioned the district court to revoke Bryant's probation. According to the petition and accompanying memoranda, earlier that month Bryant had again been convicted of credit card fraud.[2] The petition also asserted that Bryant left the judicial district to travel to Florida without his probation officer's permission. Both of these acts violated the terms of Bryant's probation.
 
 
 4
 The district court held a probation revocation hearing in November 1995. With one exception not relevant here, Bryant raised no factual objections to the Probation Department's violation memoranda. The court therefore adopted the information contained in the two memoranda. The court also adopted the probation officer's recommendations as to the applicability of the Sentencing Guidelines--the court revoked Bryant's probation and sentenced him to 10 months' imprisonment to be followed by 3 years' supervised release. The court also ordered Bryant to continue paying the restitution previously imposed. Bryant then filed a timely notice of appeal.
 
 Analysis
 
 5
 There are only three issues Bryant could challenge on appeal--the revocation of his probation, his prison sentence, and his sentence of supervised release. None of these issues provide a non-frivolous ground for appeal.
 
 
 6
 Bryant cannot plausibly argue on appeal that the district court improperly revoked his probation. A district court need be only reasonably satisfied that the defendant violated the terms of his probation to revoke it. United States v. Hopson, 39 F.3d 795, 801 (7th Cir.1994); United States v. Fleming, 9 F.3d 1253, 1254 (7th Cir.1993); United States v. Levine, 983 F.2d 785, 787 (7th Cir.1993). This court reviews the decision to revoke probation only for abuse of discretion. Hopson, 39 F.3d at 801; Levine, 983 F.2d at 787.
 
 
 7
 Given that Bryant was again convicted of the very crime for which he was on probation and that he traveled outside the state without permission, he cannot reasonably argue that the district court abused its discretion in revoking his probation. Moreover, at his revocation hearing, Bryant admitted both that he traveled to Florida without his probation officer's permission and that he lied on the credit card application at issue in his second conviction. Thus, the district court had sufficient evidence upon which to find that Bryant violated the terms of his probation, and hence, it validly revoked his probation. Fleming, 9 F.3d at 1255.
 
 
 8
 Once the district court revoked Bryant's probation, it was authorized by statute to impose "any [ ] sentence that was available ... at the time of the initial sentencing." 18 U.S.C. § 3565(a)(2) (1988). A sentence imposed for a violation of probation is subject to review only for whether it is "plainly unreasonable." United States v. Doss, 79 F.3d 76, 79 (7th Cir.1996); United States v. Lee, 78 F.3d 1236, 1239 (7th Cir.1996).
 
 
 9
 Bryant's 1995 conviction for credit card fraud was punishable by more than a year in prison, see 18 U.S.C. § 1029(c), and hence was a Grade B violation of his probation. See U.S.S.G. § 7B1.1(a)(2), p.s. The district court adopted the Probation Department's recommendation and sentenced him to 10 months' imprisonment--the high end of the Guidelines range recommended by U.S.S.G. § 7B1.4(a), p.s. The sentence reflects the nature of Bryant's violation, his inability or refusal to reform, his lack of acceptance of responsibility for his actions, and his seeming lack of repentence. Thus, Bryant cannot make a non-frivolous argument that his sentence is "plainly unreasonable." See Doss, 79 F.3d at 79; United States v. McGee, 60 F.3d 1266, 1272-73 (7th Cir.1995). Finally, Bryant cannot argue that the district court should have credited him with the time he already had served on probation or in the work release program. See U.S.S.G. § 7B1.5(a), 18 U.S.C. § 3656(a)(2). Thus, there is no non-frivolous argument Bryant can raise challenging the propriety of the 10 month term of imprisonment he received upon revocation of his probation.
 
 
 10
 Finally, the district court imposed upon Bryant a 3 year term of supervised release to follow his 10 months in prison. This sentence of supervised release is recommended by the Guidelines, U.S.S.G. § 7B1.3(g)(1), p.s., and is permitted by statute. Section 3656(a)(2) authorized the court to sentence Bryant to "any sentence that was available at the time of the initial sentencing." Because a term of 3 years of supervised release was a part of the sentence available at the time of his initial sentencing, see U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2), the district court had statutory authority to sentence Bryant to serve that term of supervised release upon completion of his imprisonment. See also United States v. Wesley, 81 F.3d 482, 483-84 (4th Cir.1996) (imposition of term of imprisonment and term of supervised release following revocation of parole is permitted); United States v. McCullough, 46 F.3d 400, 402 (5th Cir.1995), cert. denied, 115 S.Ct. 2597 (1995) (same); United States v. Hobbs, 981 F.2d 1198, 1199 (11th Cir.1993), cert. denied, 114 S.Ct. 103 (1993) (same).
 
 
 11
 Thus, because we find no non-frivolous issue which warrants review on appeal, we GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 See Anders v. California, 386 U.S. 738 (1967). Per Circuit Rule 51(a), Bryant was notified of counsel's motion and was given an opportunity to respond. Bryant has not done so
 
 
 [2]
 We affirmed Bryant's second conviction in United States v. Bryant, No. 96-1240 (7th Cir. July 12, 1996) (unpublished order)