**UNITED STATES of America Plaintiff–Appellee,**

v.

**James L. GIBSON, Defendant–Appellant.**

No. 02–2181.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 12, 2002.

Decided Dec. 12, 2002.

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

### ORDER

In 1996 James Gibson pleaded guilty to five counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1), and on each count the district court sentenced him to concurrent terms of 80 months' imprisonment and three years' supervised release. Gibson finished his prison time and began serving his term of supervised release on January 14, 2002. Six days later he was arrested in Fairview Heights, Illinois for criminal damage to property, 720 Ill. Comp. Stat. 5/21–1(a), and for battery, 720 Ill. Comp. Stat. 5/12–3(a), after he got into a fight with his ex-girlfriend's new boyfriend and damaged their car. Following his arrest, Gibson's probation officer filed a petition recommending that the district court revoke Gibson's supervised release. Eventually his appointed counsel moved to dismiss the revocation petition because the state charges had been dismissed for want of prosecution. The district court, however, denied the motion and revoked Gibson's supervised release, sentencing him to 12 months' incarceration and a new term of 24 months' supervised release. Gibson filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Gibson was invited to respond to his counsel's motion to withdraw, but he failed to do so. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss Gibson's appeal.

First, counsel considers whether Gibson might argue that the district court erred in determining that Gibson violated the terms of his supervised release, a decision we would review only for an abuse of discretion, *see United States v. Dillard*, 910 F.2d 461, 464 (7th Cir.1990). We would review the court's factual findings only for clear error. *United States v. Branch*, 195 F.3d 928, 933 (7th Cir.1999). A district court may revoke supervised release if it finds by a preponderance of the evidence that the defendant violated the terms of his release. *United States v. Goad*, 44 F.3d 580, 585 (7th Cir.1995). The district court

heard testimony from Gibson's ex-girlfriend and the arresting officers that Gibson had been the aggressor in the fight and that he had been hitting the couple's car. The court credited that testimony, a determination that we afford exceptional deference and would overturn only for clear error, *see United States v. White*, 240 F.3d 656, 661 (7th Cir.2001). The court then found by a preponderance of the evidence that Gibson's acts constituted the crimes of battery, *see* 720 Ill. Comp. Stat. 5/12–3(a), and criminal damage to property, *see* 720 Ill. Comp. Stat. 5/21–1(a), and thus violated the condition of his supervised release that he not commit other federal, state, or local crimes, 18 U.S.C. § 3583(c). We agree with counsel that an appeal on this ground would be frivolous.

Counsel next considers whether Gibson could claim error in the district court's refusal to dismiss the revocation petition after the state charges were dropped for want of prosecution. But a conviction is not required to establish grounds for revocation, *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir.1993), so again we agree with counsel that an appeal on this issue would be frivolous.

Counsel also considers whether Gibson could contest the new prison term imposed after revocation, a decision that we disturb only if it is plainly unreasonable. *United States v. Huusko*, 275 F.3d 600, 602 (7th Cir.2001). In this case the court concluded that Gibson's conduct constituted a Grade C violation of his supervised release, U.S.S.G. § 7B1.1(a)(3), and that he had a criminal history category of VI, thus correctly setting his guideline range between 8–14 months, *see* U.S.S.G. § 7B1.4. The court considered the factors outlined in 18 U.S.C. § 3553(a)(1) and set Gibson's new prison term at 12 months. As Gibson's sentence is within the applicable range, we agree with counsel that an appeal on this ground would be frivolous.

Finally, counsel considers whether Gibson might assert that he was denied the effective assistance of counsel at the revocation proceedings. During his original prosecution Gibson moved to discharge his appointed counsel, claiming that she had a conflict of interest because, in his opinion, she assumed he was guilty. Counsel responded that she perceived no actual conflict of interest; although her office had represented a government informant who provided information about Gibson, her office sought to withdraw from the other case when the conflict became evident. Ultimately Gibson retained private counsel, so the conflict question was never definitively resolved. Later, when his original attorney was appointed to represent him for the revocation proceeding, Gibson did not object. Counsel correctly notes that in order to prevail on an ineffective assistance claim based on a conflict of interest, Gibson would need to show that his attorney suffered from an actual conflict of interest that adversely affected the adequacy of her representation. *Mickens v. Taylor*, 535 U.S. 162, 122 S.Ct. 1237, 1245, 152 L.Ed.2d 291 (2002). Counsel on appeal, who works in a different office from Gibson's trial attorney, points out that it would be frivolous to assert an ineffective assistance claim on this record because it contains no evidence that Gibson's appointed counsel provided inadequate representation during the revocation proceedings. And if there is evidence outside of the record to support the argument, it would need to be raised in a collateral attack in which the record could be developed, not on direct appeal. *See United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir.2000).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.