**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Martin BURTON, Defendant–Appellant.**

No. 03–3957.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2004.

Decided Aug. 31, 2004.

Randy G. Massey, Office of the United States Attorney Criminal Division, Fairview Heights, IL, for Plaintiff–Appellee.

Daniel G. Cronin, Office of the Federal Public Defender, East St. Louis, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

## ORDER

After Martin Burton violated the conditions of his supervised release, the district court revoked the term of supervision and sentenced him to 10 months' imprisonment followed by another 38 months' supervised release. Burton appeals, but his attorney seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential appellate issues are frivolous. Burton was notified of counsel's motion to withdraw, *see* Cir. R. 51(b), and has filed a response. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997), and in Burton's response.

Burton was convicted in 1992 of possessing crack with intent to distribute, *see* 21 U.S.C. § 841(a)(1); using a firearm during a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1); and possession of a firearm by a felon, *see id.* § 922(g)(1). The court sentenced Burton to a total of 147 months' imprisonment to be followed by 48 months' supervised release. Burton began serving his term of supervised release in October 2002, but in September 2003 the government moved to revoke his supervision based on his arrest for domestic battery. Burton was not prosecuted in state court after that arrest because Alethia Spruill, the victim, declined to press charges.

At his revocation hearing Burton denied that a battery occurred, and instead contended that Spruill tripped and injured herself while intoxicated. The district court considered whether Spruill could have been intoxicated, but found that the witnesses' testimony, along with the medical records, evidenced that she was instead a victim of domestic violence. The district court then found by a preponderance of the evidence that Burton committed domestic battery.

■ We first consider counsel's potential challenge to the district court's finding that Burton violated a term of his supervised release. The facts underlying a violation need be proved only by a preponderance of the evidence, and we would review the district court's findings for clear error. *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.2001). The government introduced sufficient evidence for the district court to find that Burton battered Spruill. Sharon Hickman, Spruill's sister, testified that she saw Burton push Spruill, who then fell to the ground. The police officer who responded to the 911 call from Burton's house testified that Spruill told her that her boyfriend had beaten her up. The government also introduced Spruill's medical records from her emergency room visit, which include notes from medical personnel regarding Spruill's statements that her boyfriend had beaten her. And although Burton and his neighbor, Curtis C. Wood, testified that Spruill was intoxicated, the court noted that the police officer on the scene saw no signs of intoxication and that Spruill's medical records contain no evidence that she was intoxicated. The court thus found that Burton violated the first term of his supervised

release: "The defendant shall not commit another federal, state, or local crime." We thus agree with counsel that it would be frivolous to argue that the district court erred in finding that Burton violated a condition of his supervised release by battering Spruill.

In response to counsel's *Anders* brief, Burton argues that because he was only arrested and not convicted he did not violate any condition of his supervised release. A conviction is not a prerequisite to the revocation of supervision; a district court may revoke supervised release when "reasonably satisfied" that the defendant has violated a condition of his release. *See United States v. Fleming,* 9 F.3d 1253, 1254 (7th Cir.1993) (quoting *United States v. Smith,* 571 F.2d 370, 372 (7th Cir.1978)). Burton's argument to the contrary would be unavailing.

Likewise, it would be frivolous for Burton to challenge his term of imprisonment, which we would uphold so long as it is not "plainly unreasonable." *United States v. Salinas,* 365 F.3d 582, 588 (7th Cir.2004) (citation and internal quotations omitted). The district court determined that Burton committed a Grade C violation, *see* U.S.S.G. § 7B1.1(a)(3), and sentenced him to 10 months' imprisonment. Because this term of imprisonment was within the range of imprisonment suggested by the guidelines, *see id.* § 7B1.4 (providing range of 4–10 months), and reflected the factors set forth in 18 U.S.C. § 3583, the decision could not be plainly unreasonable, *see United States v. McGee,* 60 F.3d 1266, 1272–73 (7th Cir.1995). Burton's 38–month supervised release term, in turn, was authorized by 18 U.S.C. § 3583(h), which allowed the court to impose an additional supervised release term upon revocation so long as that term did not exceed the maximum statutory supervision that could have been imposed in 1992 when Burton initially was sentenced, less the 10–month prison term it already imposed.

We also agree with counsel that it would be frivolous to argue that the district court erroneously relied on Spruill's statements to medical personnel that Burton had beaten her. As counsel notes, the full set of rights due a defendant under the Federal Rules of Evidence do not apply in a supervised release revocation. *See United States v. Pratt,* 52 F.3d 671, 675 (7th Cir.1995). Moreover Spruill's statements would be admissible under an exception to the hearsay rule because they were given for the purpose of medical treatment. *See* Fed.R.Evid. 803(4).

Finally Burton proposes arguing that he received ineffective assistance of counsel, but such a claim is better reserved for a collateral proceeding where the record may be fully developed. *See generally Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

For the foregoing reasons we GRANT the motion to withdraw and DISMISS Burton's appeal.