

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-3-2008

# USA v. Walls

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Walls" (2008). *2008 Decisions.* Paper 567.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/567

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 07-1554 and 07-1726
_____

UNITED STATES OF AMERICA

v.

GEORGE D. WALLS,

Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Nos. 04-cr-00001J
and 92-cr-00002J)
District Judge: Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
on July 3, 2008

Before: RENDELL, SMITH, and FISHER, Circuit Judges.

(Filed: September 3, 2008)

_____

OPINION OF THE COURT

_____

RENDELL, Circuit Judge.

Appellant George D. Walls ("Walls") appeals the District Court's order revoking his terms of supervised release. After conducting a revocation hearing pursuant to Federal Rule of Criminal Procedure 32.1(b)(2), the District Court found that Walls violated a condition of his release by, *inter alia*, committing the crimes of sexual assault and indecent assault in violation of Pennsylvania state law.[1]

On appeal, Walls argues that the District Court erred in (1) conducting the revocation hearing without giving him an opportunity to confront and/or cross examine the individual whom he was convicted in state court of assaulting and (2) finding that there was sufficient evidence to prove that he committed the crimes of assault for which he was convicted.[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons stated below, we will affirm.

---

[1]Walls' term of supervised release carried with it, as a mandatory condition, a requirement that he "not commit another federal, state, or local crime" during the term of supervision. (App. 23, 25.)

[2]At the revocation hearing, Walls stipulated to committing the crime of theft by deception/forgery in violation of Pennsylvania law and in violation of the terms of his supervised release. Walls does not challenge that aspect of the District Court's revocation order.

2

## DISCUSSION[3]

### I. Opportunity to Confront Adverse Witness

Walls first argues that his revocation hearing was inherently flawed, as the District Court did not require the individual whom he was convicted of assaulting to appear and testify. Walls asks that we overturn the District Court's revocation order and remand his case for a new hearing.

Pursuant to Rule 32.1(b)(2), a defendant is entitled to, *inter alia*, "an opportunity to appear, present evidence, and question any adverse witness *unless the court determines that the interest of justice does not require the witness to appear*." Fed. R. Crim. P. 32.1(b)(2)(C) (emphasis added). The Advisory Committee Notes to Rule 32.1 state that subsection (b)(2)(C) "recognize[s] that the court should apply a balancing test at the hearing itself when considering the releasee's asserted right to cross-examine adverse witnesses. The court is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it." *See also United States v. Williams*, 443 F.3d 35, 45 (2d Cir. 2006); *United States v. Rondeau*, 430 F.3d 44, 48 (1st Cir. 2005); *United States v. Taveras*, 380 F.3d 532, 536 (1st Cir. 2004); *United States v. Martin*, 382 F.3d 840, 844-845 (8th Cir. 2004). Though Walls himself acknowledges this as the correct standard, he contends that neither the "interest of

---

[3]As we write solely for the benefit of the parties, who are familiar with the facts and procedural history of this case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition.

justice" nor "good cause" justified the Government's failure to produce his victim[4] at the revocation hearing.

We review the District Court's application of the Rule 32.1(b)(2)(C) balancing test for an abuse of discretion. *United States v. Williams*, 443 F.3d 35, 46 (2d Cir. 2006). "Abuse of discretion encompasses clearly erroneous findings of fact and misapplications of law." *Id.*

In concluding that it was not necessary for the individual whom Walls was convicted of assaulting to appear and testify at his revocation hearing, the District Court relied heavily on the fact that the victim had already been "examined and cross-examined during the state prosecution of the Defendant." (App. 32.)  Though the Court acknowledged Walls' many challenges to the victim's credibility, it nonetheless "d[id] not see the value of re-examining another witness from the state criminal trial, in addition to the Defendant." (App. 32-33.)  The Court explained:

> [T]he Defendant uses as support for his [credibility] argument[s] portions of the state trial transcript from other duly sworn and competent witnesses who already testified, but would have the Court preside over a second examination, in a supervised release proceeding, of a complaining witness from the state criminal prosecution.  To single out the Defendant and the complaining witness from the state criminal prosecution for purposes of having this Court engage in an exercise of judging the credibility of the two appears to be a selective recognition of the credibility of the trial witnesses.

(App. 33).

---

[4]We do not modify "victim" with the term "alleged," as the Walls' state criminal jury trial resulted in a conviction.

In light of the District Court's stated reasoning, we cannot say that it abused its discretion in failing to require Walls' victim to appear and testify at his revocation hearing. Further, as the District Court explicitly stated in its Memorandum Opinion, its decision to revoke Walls' supervised release was "based upon the evidence of the [state court] convictions"[5] (App. 30), and the Court addressed the state criminal trial testimony of Walls' victim only "for the sake of completeness" (*id.*).[6] Thus, even were we to determine that the District Court abused its discretion in permitting Walls' revocation hearing to proceed without the testimony of his victim—which we do not—the error would only be reversible if the alternate basis for the District Court's holding (i.e., the evidence of the state court convictions) could not sustain the revocation of Walls' supervised release. We turn next to that precise question.

## II. Sufficiency of the Evidence

As his second issue on appeal, Walls challenges the sufficiency of the evidence underlying the District Court's decision to revoke his supervised release. The District Court found that the certified copy of Walls' state court convictions for sexual assault and indecent assault was sufficient evidence to demonstrate, by a preponderance of the

---

[5]Walls himself acknowledges this fact in his brief. (*See* Appellant's Br. 38 ("The district court based its revocation of Mr. Walls' supervised release upon his state court convictions for indecent assault and sexual assault.").)

[6]The Government introduced a transcript of the victim's sworn state court testimony.

evidence,[7] that Walls violated a term of his release by committing two state crimes. (App. 25-30.) Walls contends that the District Court should not have considered his state court convictions as evidence that he violated his release conditions. Specifically, Walls argues that, because his convictions were the result of a jury verdict, and not an admission of guilt, they "do[] not prove that a crime *was actually committed*." (Appellant's Br. 39 (emphasis in original).) According to Walls, the "continual maintenance of his innocence alone make [sic] the convictions an inadequate basis upon which to revoke his supervised release." (Appellant's Br. 40.) In support of this contention, Walls cites only one case: *United States v. Poellnitz*, 372 F.3d 562 (3d Cir. 2004).[8]

In *Poellnitz*, the defendant was subject to the same supervised release condition as Walls, prohibiting him from committing any crimes "federal, state, or local" during the

---

[7]A supervised release violation must be proven by a preponderance of the evidence, not beyond a reasonable doubt. 18 U.S.C. § 3583(e)(3); *United States v. Dees*, 467 F.3d 847, 854-55 (3d Cir. 2006). As we explained in *United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004):

> A court can revoke probation when it is reasonably satisfied that the probation conditions have been violated, without the government being required to present proof beyond a reasonable doubt that the defendant committed the alleged acts. In other words, to revoke probation it is not necessary that the probationer be adjudged guilty of a crime, but only that the court be reasonably satisfied that he has violated one of the conditions.

(internal quotation marks and citations omitted).

[8]Because Walls' challenge is "essentially legal in nature," our review is *de novo*. *Poellnitz*, 372 F.3d at 565 (internal quotation marks omitted).

term of his release. *Id.* at 564. Prior to the expiration of his term, Poellnitz was arrested and charged with a number of state crimes to which he eventually pleaded *nolo contendere*. *Id.* Relying on his state court convictions, the District Court revoked Poellnitz's supervised release, and Poellnitz appealed. Upon review, we held that Poellnitz's *nolo contendere* plea, without more, was insufficient to establish that he violated a condition of his supervised release. We explained that, under Pennsylvania law, "[i]n pleading nolo contendere; the defendant does not admit his guilt, but merely consents to being punished as if he were guilty," *id.* at 568 (internal quotation marks omitted); accordingly, we concluded, "a *nolo* plea . . . has no evidentiary value in assessing whether the defendant committed a crime" *id.* at 567.

Walls takes our discussion of *nolo contendere* pleas in *Poellnitz* and seeks to extend it to the facts of his case. Walls argues that, because his convictions were the result of a jury verdict "to which [he] did not acquiesce" (Appellant's Br. 38), there exists no factual admission of guilt, and thus, "*Poellnitz* . . . dictates that the jury's verdict . . . cannot be considered evidence of [his] guilt of the underlying conduct" (Appellant's Br. 39). Unfortunately for Walls, *Poellnitz* dictates no such conclusion and, in fact, supports the opposite.

To be clear, at the outset of our opinion in *Poellnitz*, we recognized that "[i]n the normal course, one might expect that if the court finds [that the] defendant was convicted of a crime, the court may automatically revoke release based on the defendant's

7

commission of the underlying offense[, but t]hat is not so when it comes to the *peculiar legal effect* of the plea of *nolo contendere*." Thus, our holding in *Poellnitz* was based on the "peculiar" nature of a *nolo contendere* plea, which is fundamentally different than a guilty verdict rendered upon the conclusion of a trial by jury.

Ultimately, "[w]hat matters is whether [the defendant] committed [a] crime as a matter of fact." *Id.* at 567. And while a plea of *nolo contendere* is not evidence of the fact that the pleader actually committed a crime, a jury verdict of guilty is itself a finding of fact. As stated by the District Court, "[n]o attorney or court can dispute that it is the function of the jury to resolve factual issues at trial and the jury in state court found [Walls] guilty of sexual assault and indecent assault using the standard of proof beyond a reasonable doubt. . . . The jury finding [that Walls was] guilty of both crimes establishes that [Walls] committed the offenses of sexual assault and indecent assault." (App. 27.) We agree. The standard of proof employed by the jury in convicting Walls of sexual and indecent assault is significantly higher than the standard of proof necessary to sustain the revocation of his release. Accordingly, evidence of Walls' convictions is more than sufficient to sustain the District Court's order in this case.

The fact that Walls is pursuing a collateral appeal of his convictions does not change our conclusion.[9] The case of *Roberson v. Connecticut*, 501 F.2d 305 (2d Cir.

---

[9]On June 18, 2004, Walls was granted a new trial by order of the Court of Common Pleas of Allegheny County based on his claim that he had not been given a fair trial due to a hearing impairment that had not adequately been accommodated by the trial court.

1974), is instructive. In that case, the Second Circuit Court of Appeals held that evidence of a criminal conviction is sufficient to establish, by a preponderance of the evidence, that the defendant violated the terms of his probation even in light of a pending direct appeal. In doing so, the Court reasoned:

> [a] criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilty beyond a reasonable doubt certainly affords a more than sufficient basis for revocation of probation, even if that conviction is still awaiting appellate review.

*Id.* at 308; *see also United States v. Spraglin*, 418 F.3d 479 (5th Cir. 2005) (involving revocation of supervised release); *United States v. Fleming*, 9 F.3d 1253 (7th Cir. 1993) (same). We find the Second Circuit's reasoning to be persuasive and thus apply it here.

As did the District Court, we "see[] no reason to treat convictions that are subject to a pending direct appeal differently than convictions that are subject to a collateral attack when determining if a conviction can be a basis to revoke a term of supervised release." (App. 30.) Thus, even in light of his collateral attack, we conclude that Walls' state court convictions were sufficient to justify the District Court's revocation of his supervised release. Accordingly, we will affirm.

---

The ruling was appealed, and on November 3, 2005, the Pennsylvania Superior Court reversed the decision and the order for a new trial was vacated. Walls now pursues a collateral attack upon his state convictions based on ineffective assistance of counsel.

9

## III. Conclusion

For the reasons set forth above, we will AFFIRM the judgment of the District Court.