NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-2244

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 97-CR-055-001 |
| MICHAEL S. ELKINS, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Michael Elkins appeals from an order revoking his supervised release. His appointed appellate lawyers have concluded that the appeal is frivolous and move to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Elkins was notified of counsel's submission but has not responded. *See* CIR. R. 51(b).

In 1997, Elkins was convicted of bank fraud, 18 U.S.C. § 1344, and sentenced to 24 months' imprisonment and 5 years' supervised release. He was also ordered to pay

restitution of $8,493. *See United States v. Elkins*, 176 F.3d 1016 (7th Cir. 1998). The federal sentence was imposed to run consecutively to state terms Elkins already was serving, so he was not released from federal prison until September 2007. The conditions of his release barred Elkins from having a checking account and included requirements that he participate in drug testing and pay at least $50 a month in restitution.

Elkins stopped paying restitution after the first $100, and when he also missed a drug test and a meeting with his probation officer, the probation officer conducted a surprise home visit. By then Elkins had absconded from Wisconsin to Illinois with his girlfriend, herself a convicted felon. In the process, Elkins had procured a Wisconsin driver's license in the name of his girlfriend's husband and used it to withdraw $7,500 from the man's bank account. Elkins later obtained a Social Security card in the name of a man serving time in a Wisconsin prison. With this new identity, Elkins obtained an Illinois driver's license, opened a checking account, and got a job. Soon, though, the Marshals Service tracked him down, and the probation officer petitioned the district court to revoke his supervised release.

The district court conducted a revocation hearing after twice appointing new lawyers at Elkins's behest. Elkins did not contest the basis for the revocation petition, and the court found that he had committed 10 violations, including engaging in new criminal conduct, opening a checking account, failing to pay restitution, skipping a drug test, associating with a felon, and leaving the Eastern District of Wisconsin without permission. The most serious, a Grade A violation, was committing bank fraud. The district court revoked the term of supervision and imposed 36 months' reimprisonment. A Wisconsin court already had revoked Elkins's state supervision, and the district court ordered that the federal incarceration run consecutively to the state time. As the district court explained, the Grade A violation, *see* U.S.S.G. § 7B1.1(a)(1)(B), coupled with a criminal history category of VI, yielded a reimprisonment range of 33 to 41 months. *See id.* § 7B1.4. In selecting 36 months, the court noted the number and severity of violations, the failure of past prison sentences to deter Elkins, and the public's need for protection. The district court also reimposed restitution in the amount outstanding, $8,393.

Elkins has advised counsel that he wishes to challenge not just the length of his reimprisonment, but also the decision to revoke his supervised release. Thus, counsel consider potential challenges to the factual basis of the revocation and the district court's exercise of discretion to revoke. *See United States v. Wheaton*, — F.3d —, 2010 WL 2485749, at *1 (7th Cir. 2010). According to counsel, Elkins particularly objects that he was found to have committed new crimes even though he incurred no new convictions. A conviction, though, is not a prerequisite to revocation. *See* U.S.S.G. § 7B1.1 cmt. n.1; *United States v. Perkins*, 526 F.3d 1107, 1109 (8th Cir. 2008); *United States v. Fleming*, 9 F.3d 1253, 1254 (7th

Cir. 1993). In any event, a report prepared by the probation officer to document the violations is replete with evidence (including photographs and video stills) of the bank fraud and other crimes. And with the factual basis for the petition intact, the district court's decision to follow the Sentencing Commission's recommendation and revoke supervised release could not have been an abuse of discretion. *See* U.S.S.G. § 7B1.3(a)(1).

Counsel also explore whether to argue that the reimprisonment term is "plainly unreasonable." *See United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). The length of the term is within the statutory maximum, 18 U.S.C. § 3583(e)(3), and, as counsel recognize, the district court's explanation for selecting 36 months reflects consideration of the applicable policy statements and sentencing factors. *See* 18 U.S.C. § 3553(a); U.S.S.G. ch. 7, pt. B. A challenge to the length of reimprisonment would thus be frivolous. *See United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997).

As their final point, counsel explain that Elkins wants to argue that some or all of his three lawyers in the district court were constitutionally ineffective. Yet we have held that the constitutional right to counsel does not extend to revocation proceedings where, as here, the defendant did not deny committing the alleged violations or offer any substantial ground in justification or mitigation. *United States v. Eskridge*, 445 F.3d 930, 931-32 (7th Cir. 2006). Moreover, appellate counsel have not identified any arguable deficiency in the performance of their predecessors. A claim of ineffective assistance, then, is likely a nonstarter, though we agree with appellate counsel that Elkins should save any such claim for collateral review where the record can be more fully developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.