NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2012
Decided September 26, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-1098

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 01-cr-40100-002 |
| ARTHUR R. WILLIAMS, *Defendant-Appellant.* | Joe Billy McDade, *Judge.* |

**O R D E R**

Two years after Arthur Williams served a 108-month sentence for conspiring to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1), 846, the district court revoked his supervised release for committing three new crimes under Illinois law: theft over $500, 720 ILCS 5/16-1(a)(1); domestic battery, 720 ILCS 5/12-3.2(a)(2); and criminal damage to property, 720 ILCS 5/21-1(a). The court ordered Williams reimprisoned for a term within the guidelines recommendation of 12 months and 1 day. Williams filed a notice of appeal, but his appointed lawyer now seeks to withdraw because he believes the appeal would be

frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Williams has not filed a response. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Williams has informed his lawyer that he wishes to challenge the decision to revoke his supervised release. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010). According to counsel, Williams first objects that, because he was not charged with any new crimes in Illinois, the district court erred in concluding that he violated the terms of supervised release. But any such argument would be frivolous because neither prosecution nor conviction of a new crime is required for revocation of supervised release. *See* U.S.S.G. § 7B1.1 cmt. n.1; *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993); *United States v. Perkins*, 526 F.3d 1107, 1109 (8th Cir. 2008). Any conduct constituting a federal, state, or local offense violates the terms of supervised release, regardless of whether the conduct resulted in a charge or conviction. *See* U.S.S.G. § 7B1.1(a), cmt. n.1.

Counsel also considers but properly rejects a challenge to the district court's conclusion that Williams committed three new crimes under Illinois law. Although Williams was not convicted of these crimes, the court nevertheless found by a preponderance of the evidence that the offenses occurred. *See* 18 U.S.C. § 3583(e)(3); *United States v. McIntosh*, 630 F.3d 699, 703 (7th Cir. 2011). The court based its conclusions on Williams's girlfriend's testimony that Williams stole from her a check worth over $2,000, hit and choked her, and broke the strap of her purse. The court also based its findings on an eyewitness's statement that she saw Williams hitting his girlfriend and a responding police officer's testimony that the police recovered the check from Williams's pocket.

 Counsel next considers whether Williams could identify any procedural errors in the revocation proceedings. But counsel correctly explains that any procedural challenge would be frivolous because the district court complied with Federal Rule of Criminal Procedure 32.1(b)(2) by providing Williams with written notice of the alleged violations, allowing him to speak in mitigation of his conduct, and ensuring that he was at all times represented by counsel. *See United States v Neal*, 512 F.3d 427, 435 (7th Cir. 2008).

Finally counsel considers whether Williams could argue that his term of 12 months is plainly unreasonable. But the term falls within the guidelines recommendation of 8 to 14 months (given Williams's criminal-history category of III and the Grade B violation of theft over $500, *see* U.S.S.G. § 7B1.4), and so is presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 350–51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). The district court also adequately considered the applicable policy statements, *see* U.S.S.G. § 7B1.4(a), and sentencing factors under 18 U.S.C. § 3553(a) by emphasizing Williams's history and characteristics—that he is a habitual offender who was recently fired from a job

for theft—as well as the nature and gravity of the release violations and the conduct underlying those violations. *See Neal*, 512 F.3d at 438 (7th Cir. 2008); *United States v. Salinas*, 365 F.3d 582, 589 (7th Cir. 2004).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.