**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4723**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MAURICE ANTONIO DAVIS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Jackson L. Kiser, Senior District Judge. (3:99-cr-50015-JLK-1; 3:99-cr-00063-JLK-1; 3:00-cr-00045-JLK-1)

———————

Submitted: March 30, 2015          Decided: April 10, 2015

———————

Before KEENAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Anthony P. Giorno, Acting United States Attorney, Jean B. Hudson, Assistant United States Attorney, Steven F. Bans, Special Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Antonio Davis appeals the district court's judgment revoking his term of supervised release and sentencing him to serve a term of 45 months' imprisonment. Davis argues that the district court erred in denying his request for a continuance and in admitting hearsay evidence at the revocation hearing without engaging in the balancing test required by Fed. R. Crim. P. 32.1(b)(2)(C) and our decisions in United States v. Ferguson, 752 F.3d 613 (4th Cir. 2014), and United States v. Doswell, 670 F.3d 526 (4th Cir. 2012). Finding no reversible error, we affirm the district court's judgment.

I.

Davis argues the district court abused its discretion by proceeding with the supervised release hearing while the appeal of his state court conviction, which was the basis for the revocation, was pending. We review a district court's denial of a motion for a continuance for abuse of discretion. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). Because a defendant is provided the full panoply of due process rights at trial, including that the offense be proven beyond a reasonable doubt, a conviction, provides sufficient grounds to conclude, by a preponderance of the evidence, that the defendant violated the terms of supervised release. See United States v. Spraglin, 418 F.3d 479, 480-81 (5th Cir. 2005) (per curiam); United States v.

2

_Fleming_, 9 F.3d 1253, 1254-55 (7th Cir. 1993) (per curiam). Accordingly, Davis's state court conviction, although pending appeal, provided the district court sufficient basis to revoke supervised release. Therefore, the district court did not abuse its discretion when it denied Davis's request to continue the hearing until the conclusion of his state appeal.

## II.

Davis next argues that the district court erred when it admitted a transcript from his state trial proceedings and denied his request to confront the state trial witnesses without determining whether the interests of justice required the witnesses to appear. As part of the "minimum requirements of due process," a defendant at a revocation hearing shall have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." _Morrissey v. Brewer_, 408 U.S. 471, 489 (1972); _see also_ Fed. R. Crim. P. 32.1(b)(2)(C) (providing defendant "is entitled to . . . an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear").

We conclude, however, that any error by the district court in this regard is harmless. _Ferguson_, 752 F.3d at 617. The erroneous admission of hearsay evidence is harmless where "the

3

error had no substantial and injurious effect or influence on the outcome" of the supervised release hearing.  Id. at 618 (internal quotation marks omitted).  An error is harmless, for instance, where the district court relied on a basis for revoking supervised release independent of the erroneously admitted hearsay evidence.  Doswell, 670 F.3d at 531.

Here, Davis admitted at the revocation hearing that he had been convicted of three felony offenses in state court.  This admission provided sufficient grounds for revoking supervised release.  Admittedly, during the supervised release hearing, the district court placed considerable focus on the evidence presented at Davis's state trial and found that Davis committed the felonies underlying his conviction.  In its written judgment of revocation, however, the district court cited only Davis's admission that he had been convicted of three felonies in state court as its basis for revoking supervised release.

As a general rule, where a district court's written judgment and its oral pronouncement conflict with respect to the reason for revocation, the oral pronouncement of the sentence controls.  Doswell, 670 F.3d at 531-32 n.3 (citing United States v. Osborne, 345 F.3d 281, 283 n.1 (4th Cir. 2003)).  But if the oral pronouncement of sentence is ambiguous, we look to the written judgment to resolve the ambiguity.  Osborne, 345 F.3d at 283 n.1.

4

We conclude that the purpose of the district court's discussion of the trial transcript and its oral pronouncement regarding its basis for revoking supervised release were ambiguous. Because the written judgment relies only on Davis's admission of his state conviction, however, and evidence of a conviction is sufficient to warrant revoking supervised release, any error regarding the admission of the trial transcript was harmless.

III.

Accordingly, we affirm the district court's judgment revoking Davis' supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED

5