**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4073**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

        v.

LAWRENCE LEO HAWKINS, JR.,

                  Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Arenda L. Wright Allen, District Judge. (2:04-cr-00060-AWA-TEM-1)

Submitted: July 20, 2015               Decided: August 13, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Harry Dennis Harmon, Jr., Norfolk, Virginia, for Appellant. Dana J. Boente, United States Attorney, William D. Muhr, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Leo Hawkins, Jr., appeals the district court's order imposing a 24-month sentence after it revoked his supervised release. Hawkins asserts that the district court erred when it denied his motion for a continuance of the revocation hearing, and also argues that his status as a Moorish-American National divested the district court of jurisdiction over him.[1] Hawkins has also filed a self-styled "'Affidavit of Sworn Truth-Supplemental Appeal' Brief[,]" in which he requests an extension of time to file a memorandum of law.[2] Finding no error, we affirm.

We review the district court's denial of a motion for a continuance for abuse of discretion. See United States v.

---

[1] Although Hawkins' counsel asserts that the issue pertaining to the motion for a continuance is meritorious, he asserts that the jurisdictional issue is raised pursuant to Anders v. California, 386 U.S. 738 (1967), and concedes that the issue is meritless. Because we conclude that counsel's effort to combine a meritorious claim with a claim conceded to be lacking in merit does not comport with the Anders framework, see id. at 744-45 (setting forth procedure to be followed when counsel finds "case to be wholly frivolous"), we decline to consider this appeal pursuant to Anders.

[2] Because Hawkins is represented by counsel who has filed a merits brief, he is not entitled to file a pro se supplemental brief. Accordingly, we deny his motion for an extension of time to file a memorandum of law. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011) (denying motion to file pro se supplemental brief because the defendant was represented by counsel).

Copeland, 707 F.3d 522, 531 (4th Cir. 2013). A district court abuses its discretion when its denial of a motion for continuance is "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay[.]" Morris v. Slappy, 461 U.S. 1, 11–12 (1983) (internal quotation marks omitted). "Even if such an abuse of discretion is found, the defendant must show that the error specifically prejudiced his case in order to prevail." Copeland, 707 F.3d at 531 (internal quotation marks and brackets omitted).

The district court did not err when it denied Hawkins' motion for a continuance. It is undisputed that Hawkins was provided the full panoply of due process rights during his federal trial, including that the offenses be proven beyond a reasonable doubt. Thus, Hawkins' convictions provided sufficient grounds for the district court to conclude, by a preponderance of the evidence, that Hawkins' violated the terms of his supervised release. Accordingly, the district court did not abuse its discretion when it refused to continue the revocation hearing pending the conclusion of his direct appeal. See United States v. Spraglin, 418 F.3d 479, 480-81 (5th Cir. 2005) (rejecting appellant's argument that the district court abused its discretion in revoking his supervised release based on evidence of his state murder conviction, which was still pending on appeal at the time that supervision was revoked);

3

United States v. Fleming, 9 F.3d 1253, 1254 (7th Cir. 1993) ("The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation.").

We therefore affirm the district court's judgment.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[3] We agree with counsel that Hawkins' argument pertaining to the district court's jurisdiction over him is meritless. See 18 U.S.C. § 3231 (2012) ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").