United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51331
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNN LEVERT SPRAGLIN,

Defendant-Appellant,

_____

CONSOLIDATED WITH
No. 04-51332
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LYNN SPRAGLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Lynn Levert Spraglin appeals the revocation of his supervised
release in each of his underlying federal convictions. He avers
that the district court abused its discretion in revoking his

supervised release based on evidence of his state murder conviction which is still pending on appeal at the time that supervision was revoked.

We review the decision to revoke supervised release under an abuse of discretion standard.[1] In order to revoke a term of supervised release, a court must find by a preponderance of the evidence that the defendant violated a condition of his release.[2] In *United States v. Fleming*,[3] the Seventh Circuit held that a state conviction provides adequate proof of the violation of a state law to justify revoking supervised release. The court observed that it would be "duplicative and wasteful" to require additional evidence to satisfy the revocation standard when a conviction is on appeal.[4]

Within the analogous context of probation revocation, the Second Circuit held in *Roberson v. Connecticut*[5] that a probation revocation could be properly based on proof of a non-final conviction. The court reasoned that

> [a] criminal conviction after a trial at which the probationer was entitled to all the protections afforded a criminal defendant including formal rules of evidence, the right to assigned counsel if indigent, and the requirement that the state establish guilty beyond a reasonable doubt certainly affords a more than sufficient

---

[1] *See United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

[2] 18 U.S.C. § 3583(e)(3).

[3] 9 F.3d 1253, 1254 (7th Cir. 1993) (per curiam).

[4] *Id.* at 1255.

[5] 501 F.2d 305 (2d Cir. 1974).

2

basis for revocation of probation, even if that conviction is still awaiting appellate review.[6]

Moreover, we have held that "revocation of probation does not require proof sufficient to sustain a criminal conviction. All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation."[7]

We conclude that Spraglin's state murder conviction was sufficient to establish by a preponderance of the evidence that he had violated the terms of his supervised release. Accordingly, the district court did not abuse its discretion in revoking Spraglin's supervised release.

AFFIRMED.

---

[6] *Id.* at 308.

[7] *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973).

3