**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40483
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO SOLIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-435-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Roberto Soliz appeals the district court's revocation of his supervised release and the 24-month revocation sentence imposed by the district court. Soliz argues that the evidence was insufficient to prove that he committed indecency with a child by sexual contact in violation of TEXAS PENAL CODE ANN. § 21.11(a)(1). He further argues that the district court erred in classifying that offense as a Grade A violation and therefore sentenced him pursuant to an incorrectly calculated advisory range of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). A district court does not abuse its discretion in revoking a defendant's supervised release if a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3).

The district court did not abuse its discretion. The revocation of Soliz's supervised release was plainly justified on the basis of the three charged violations that Soliz did not contest. *See* § 3583(e)(3), (g); *McCormick*, 54 F.3d at 219 n.3. Ordinarily, this court thus would not address the alleged errors regarding the other violation. *See McCormick*, 54 F.3d at 219 n.3. Soliz nevertheless contends that this court should address his claim of error as to the indecency offense because the district court's finding that he committed that violation influenced the sentence imposed.

In considering a challenge to the sufficiency of the evidence, this court views the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the Government. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). Because of the conflicts between the testimony of the victim and the witnesses, the district court made credibility determinations in reaching its decision. This court affords great deference to a district court's credibility findings. *Id.* at 791. The district court did not abuse its discretion in finding that Soliz had committed the indecency offense.

Soliz also argues that the Texas offense of indecency with a child by sexual contact does not constitute a crime of violence under U.S.S.G. § 4B1.2(a). Consequently, he argues, the offense is a Grade B violation of supervised release, and his post-revocation sentencing range should have been 12 to 18 months of imprisonment, not 24 months as determined by the district court. According to Soliz, the sentencing disparity resulting from this alleged error requires that we vacate his sentence and remand for resentencing.

This court has not decided the appropriate standard of review for a sentence imposed upon revocation of supervised release following *United States v. Booker*, 543 U.S. 220 (2005), and we decline to do so now. *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). Because Soliz raises his challenge to his sentence for the first time on appeal, our review is for plain error. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To establish plain error, Soliz must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even if he establishes those factors, we will not exercise our discretion to correct the forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Soliz has not demonstrated that his 24-month sentence is the result of any plain error. Even if it is assumed that Soliz could establish the first two prongs of plain error review (which we do not decide), he has not satisfied the third prong, i.e., that any alleged error affected his substantial rights. Soliz does not argue that a reasonable probability exists that he would have received a lesser sentence absent the alleged error, *see United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005), and the record is devoid of any such indication. The district court was aware of the statutory maximum imprisonment term of 24 months. Moreover, because the 24-month sentence imposed did not exceed the statutory maximum, it was not unreasonable. *See* § 3583(e)(3) (providing that district court is authorized to impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence).

Accordingly, the district court's judgment is AFFIRMED.