**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2009

Charles R. Fulbruge III
Clerk

No. 09-60100
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY A. HAWKINS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:04-CR-85-1

Before GARWOOD, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rodney A. Hawkins appeals the district court's revocation of his supervised release and imposition of a term of eight months in prison followed by an additional two year term of supervised release. Hawkins argues that he was denied due process because the district court admitted into evidence a statement from a police report of which he was not given prior notice. Although Hawkins was not due the full panoply of rights that apply to a criminal prosecution, he was entitled to disclosure of the evidence to be presented against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him at the final revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *see also* FED. R. CRIM. P. 32.1(b)(2)(B). However, because Hawkins did not raise any objections in the district court to the admission of the statement, or request any continuance, review of the admission is limited to plain error. *See Puckett v. United States*,129 S. Ct. 1423, 1429 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* To show that admission of the statement affected his substantial rights, Hawkins must show that the admission "affected the outcome of the district court proceedings." *Id.* (internal quotation marks and citation omitted).

This court need not resolve whether the district court erred by admitting the statement, because even if it did, Hawkins fails to show that his substantial rights were affected. Apart from the statement in question, the Government presented ample evidence that Hawkins failed, in violation of the terms of his supervised release, to (1) report arrests to his probation officer, (2) hold gainful employment during the relevant period, and (3) pay the required amount of restitution.[1] Although Hawkins testified in rebuttal that he had reported his arrests and attained gainful employment,[2] the district court indicated that it was

---

[1]Specifically, Hawkins' probation officer testified that Hawkins did not report his arrests. Instead, the officer discovered Hawkins' arrests through record checks. Further, the officer testified that Hawkins was required to pay $100/month in restitution. At the time of the hearing, Hawkins made only one $40 payment. Hawkins claimed that he worked at a pet store. His probation officer and another United States Probation Officer contacted the owner of the particular pet store, but was told by the owner that Hawkins had never worked there.

[2]In response to the Government's evidence, Hawkins cross-examined the probation officer on the fact that his arrests had not yet resulted in convictions. Hawkins established that it was possible (though not likely) for Hawkins to have

not persuaded by Hawkins's contentions. At best, Hawkins has demonstrated to this Court that the record reflects conflicting evidence. We, however, accord "great deference" to the district court's credibility determinations. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994). Given the Government's other evidence, Hawkins fails to show that the introduction of the statement at issue, even if erroneous, affected the outcome of the revocation hearing. *See Puckett*, 129 S. Ct. at 1429. We likewise reject Hawkins's argument the evidence was not sufficient to warrant revocation; the district court did not abuse its discretion. *See United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).

AFFIRMED.

---

left a voice mail about the arrest that the probation officer never received. Hawkins further produced a signed statement by the pet shop owner that Hawkins had worked for him in 2007 (but not 2008, the relevant time).