**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 12, 2011

Lyle W. Cayce
Clerk

No. 10-50599
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOYLAN BARSHUN WRIGHT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-85-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Toylan Barshun Wright appeals the district court's judgment revoking his supervised release. He argues that the evidence was insufficient to establish that he violated the conditions of his supervised release by committing the Texas offenses of possession of cocaine and using a vehicle to flee from a peace officer.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). A district court does not abuse its discretion in revoking a defendant's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervised release if a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3). "All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." *Spraglin*, 418 F.3d at 481 (quotation and citation omitted). In considering a challenge to the sufficiency of the evidence, this court views the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the Government. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).

The evidence at the revocation hearing showed that on March 30, 2010, Wright was the driver of a Mercury Grand Marquis in which a rock of crack cocaine was found; Wright's control of the vehicle was some evidence that he constructively possessed the controlled substance found within the vehicle. *See United States v. Jones*, 185 F.3d 459, 464 (5th Cir. 1999). Testimony established that Wright's possession of a large amount of currency was consistent with drug trafficking. Further, given testimony at the revocation hearing by a police officer who conducted a field test to determine that the substance in question contained cocaine, Wright's argument that the evidence was insufficient under *United States v. Grandlund*, 71 F.3d 507 (5th Cir. 1995), is unavailing. The district court did not abuse its discretion in determining that Wright had violated the terms of his supervision by committing a Texas cocaine possession offense. *See Spraglin*, 418 F.3d at 480-81.

As to the charge that Wright violated Texas state law on May 6, 2010, by using a vehicle to flee from a peace officer, the issue is whether the evidence was sufficient to establish that Wright was the driver of the vehicle in question. A police officer who pursued the fleeing vehicle identified Wright as the driver; he also testified that Wright had driven the same vehicle, a Mercury Grand

Marquis, on March 30, 2010. Wright's father and Wright, however, testified that Wright had not been the driver on the latter occasion.

Given the testimony presented at the revocation hearing, there were two permissible views of the evidence. The district court implicitly determined that the police officer's testimony was credible and that the testimony of Wright and his father was not believable. The district court's credibility determinations are entitled to great deference. *See Alaniz-Alaniz*, 38 F.3d at 791. Wright has not shown that the district court abused its discretion by finding by a preponderance of the evidence that he committed the offense of fleeing from a peace officer. *See Spraglin*, 418 F.3d at 480-81.

AFFIRMED.