# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

No. 10-41083
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASON JAMES WATTS, also known as Popcorn,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:00-CR-18-2

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jason James Watts appeals the district court's judgment revoking his supervised release. His supervision was revoked after he committed the Texas offense of aggravated assault causing serious bodily injury. He argues that the evidence was insufficient to revoke his supervision because he acted in self defense.

We review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A district court does not abuse its discretion in revoking a defendant's supervised release if a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3). "All that is required is enough evidence, within a sound judicial discretion, to satisfy the district judge that the conduct of the probationer has not met the conditions of probation." *Spraglin*, 418 F.3d at 481 (quotation marks and citation omitted). In considering a challenge to the sufficiency of the evidence, this court views the "evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the Government." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).

The Government alleged that Watts committed an aggravated assault resulting in serious bodily injury based on two fights that occurred between Watts and Eliu Rojas; one fight was inside a pool hall and the other was outside the pool hall. Watts's claim of self defense rests upon the fact that no one saw who started the first fight and after that fight ended, Rojas followed Watts outside, where they fought again. There is no evidence that Watts reasonably believed that force was immediately necessary to protect against Rojas's use or attempted use of unlawful force because there is no evidence regarding what happened outside the pool hall prior to the second fight. And after that fight ended, Watts walked away, returned, and kicked Rojas in the head while he was on the ground and no longer fighting. *See* TEX. PENAL CODE ANN. § 9.31(a). Viewing the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the Government, *see Alaniz-Alaniz*, 38 F.3d at 792, establishes that Watts's conduct did not meet the conditions of his supervised release. *See Spraglin*, 418 F.3d at 481. The district court did not abuse its discretion in rejecting Watts's self-defense claim and revoking his supervised release. *See id.* at 480.

AFFIRMED.