# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHADRIC DEWAYNE LUPER, also known as Lil-G,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:02-CR-88

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Chadric Dewayne Luper appeals the district court's finding that he violated the terms of his supervised release by assaulting a public servant. While he concedes that, following his 2002 drug conviction, he violated the terms of his supervised release by being convicted of driving while intoxicated, he notes that the district court's finding that he assaulted a public servant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40150

resulted in a higher guidelines range. *See* U.S.S.G. §§ 7B1.1(a)(1) and 7B1.4(a). In that regard, he contends that the testimony presented by the Government to show that he assaulted a public servant was not credible.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). We must defer to the district court's credibility determinations. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). "It is not this Court's function to pass on a district court's determination regarding the credibility of the witness." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994). Nevertheless, this court "may find testimony to be 'incredible as a matter of law,' if the witness testifies to facts that he 'physically could not have observed or events that could not have occurred under the laws of nature.'" *Id.*

The magistrate judge (MJ) held a hearing to determine whether to revoke Luper's supervised release. After listening to the testimony of four police officers as well as the testimony of Luper and another witness in support of Luper, the MJ found that Luper assaulted one of the police officers, and the district court adopted the MJ's finding. We must defer to the district court's determination that the officers' testimony, which was not "incredible as a matter of law," was credible. *See Alaniz-Alaniz*, 38 F.3d at 791. The judgment is AFFIRMED.