**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4502**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DEAN NELSON SEAGERS,

              Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:06-cr-00967-PMD-1)

---

Submitted:  March 23, 2016           Decided:  March 29, 2016

---

Before KING and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dean Nelson Seagers appeals the district court's judgment revoking his term of supervised release and sentencing him to a term of 24 months' imprisonment, to run concurrent with his state sentence. In accordance with Anders v. California, 386 U.S. 738 (1967), Seagers' counsel has filed a brief certifying that there are no meritorious issues for appeal. Although informed of his right to file a pro se brief, Seagers has not done so. We affirm the district court's judgment.

"We review a district court's ultimate decision to revoke a defendant's supervised release for abuse of discretion." United States v. Padgett, 788 F.3d 370, 373 (4th Cir. 2015). Here, the district court did not abuse its discretion in revoking Seagers' supervised release because the revocation was based on Seagers' arrest and convictions for several state narcotic offenses. See United States v. Spraglin, 418 F.3d 479, 480-81 (5th Cir. 2005) (per curiam) (relying on constitutional protections afforded a defendant at a criminal trial, including higher standard of proof for criminal conviction, to conclude that criminal conviction pending appeal satisfies preponderance standard for finding supervised release violation).

Turning to the sentence imposed by the district court, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." United

States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). We first review the district court's sentence for "significant procedural error." Gall v. United States, 552 U.S. 38, 51 (2007). Next, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)," United States v. Gomez-Jimenez, 750 F.3d 370, 382 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014), as applicable to a revocation of supervised release proceeding, see 18 U.S.C. § 3583(e). When reviewing the substantive reasonableness of a revocation sentence, an appellate court may apply a presumption of reasonableness where the imposed term falls within the Sentencing Guidelines policy statement range. United States v. Aplicano-Oyuela, 792 F.3d 416, 425 (4th Cir. 2015). Finally, because Seagers did not object to the imposed term of imprisonment before the district court, our review is for plain error. Webb, 738 F.3d at 640-41. Our review of the record reveals neither a procedural error nor anything overcoming the applicable presumption of reasonableness that accompanies the district court's imposition of a within-Guidelines sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform Seagers, in writing, of the right to petition the Supreme Court of the United States for further review.  If Seagers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Seagers.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED