# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60542
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIUS CESIL TAYLOR, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:02-CR-74-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Julius Cesil Taylor, Jr., appeals the revocation of his supervised release and the resulting sentence of 24 months of imprisonment with no additional term of supervised release. He avers that the evidence was insufficient to prove that he violated the conditions of his supervised release by committing the Mississippi offense of aggravated domestic violence, a Grade B violation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60542

Additionally, Taylor challenges the substantive reasonableness of the sentence imposed upon revocation.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). A district court does not abuse its discretion in revoking a defendant's supervised release if a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). Of relevance here, one can be found guilty of aggravated domestic violence if he (i) attempts to cause serious bodily injury to another, or causes such an injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life or (ii) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm. MISS. CODE ANN. § 97-3-7(4)(a).

The evidence showed, which the district court found credible, that Taylor punched and kicked his wife and threatened to kill her with a firearm. We must defer to that credibility determination. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010). Based on the evidence presented at the revocation hearing, "a reasonable trier of fact could reach the conclusion being challenged." *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). Therefore, the district court did not abuse its discretion in finding that the preponderance of the evidence supported a finding that Taylor violated the conditions of his supervised release by committing the Mississippi offense of aggravated domestic violence. *See Spraglin*, 418 F.3d at 480.

Taylor argues that his sentence is substantively unreasonable because it was his first revocation and because he had no prior issues with his supervision. Because Taylor did not object to the reasonableness of his

No. 15-60542

sentence, review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). The revocation sentence imposed in the instant case fell within the advisory range and is, therefore, entitled to an appellate presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008). Taylor's arguments amount to nothing more than a disagreement with the sentence imposed, and he fails to rebut the presumption of reasonableness attached to his sentence. *See id.*

The judgment of the district court is AFFIRMED.