# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN GUILLEN-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1446-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Martin Guillen-Cruz appeals the revocation of the supervised release term imposed upon his 2012 conviction for exporting defense articles on the United States Munitions List without a license.  In 2016, Guillen-Cruz pleaded true to violating a special condition of supervised release requiring that he "not re-enter the United States illegally."  The district court found that he violated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this condition and several others, revoked his supervision, and sentenced him to 12 months and one day of imprisonment.

Guillen-Cruz argues that there was no special condition of supervised release prohibiting him from reentering the United States illegally and that the district court committed plain error by finding that he violated this nonexistent condition and by including the violation in the judgment of conviction. He contends that the judgment of conviction should be vacated and the case should be remanded to the district court for a correction of the judgment.

Ordinarily, we review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). However, because Guillen-Cruz did not object in the district court, we review the issue for plain error. *See United States v. Magwood*, 445 F.3d 826, 828 (5th Cir. 2006). Under the plain error standard, Guillen-Cruz must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Guillen-Cruz makes such a showing, this court has discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

Neither the 2012 judgment of conviction nor the district court's oral pronouncement of sentence included a special condition of supervised release prohibiting Guillen-Cruz from illegally reentering the United States. Accordingly, the district court committed clear or obvious error when it found that Guillen-Cruz violated a nonexistent condition of supervised release. *See Puckett*, 556 U.S. at 135. Nevertheless, Guillen-Cruz has not demonstrated that the error affected his substantial rights. The disputed violation was one of five violations found by the district court and listed in the judgment of

conviction. The remaining violations, none of which are being challenged on appeal, sufficed to allow a revocation of Guillen-Cruz's supervised release. Moreover, the disputed special condition is somewhat duplicative of the mandatory condition prohibiting Guillen-Cruz from violating a state, local or federal law, and he does not challenge the district court's finding that he violated that mandatory condition by being found in the United States following deportation.

Guillen-Cruz has not shown that the inclusion of his violation of the nonexistent condition in the judgment of conviction affects his substantial rights. Accordingly, he has not demonstrated plain error.

The district court's judgment is AFFIRMED.