# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10876
c/w No. 16-10877
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN LOUIS ATKINS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-52-1
USDC No. 1:15-CR-53-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant John Louis Atkins appeals the simultaneous revocations of two terms of supervised release. The revocations were based on his having possessed a firearm, even though he was acquitted on a charge of being a felon in possession of a firearm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10876
c/w No. 16-10877

We review a revocation of supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). Revocation was proper if the district court found "by a preponderance of the evidence that the defendant violated a condition of his release." *Id.*; *see* 18 U.S.C. § 3583(e)(3). The evidence and reasonable inferences from it are reviewed in the light favorable to the government. *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). The acquittal at the criminal trial does not preclude a revocation based on the conduct underlying the criminal charges. *See United States v. Teran*, 98 F.3d 831, 835-36 (5th Cir. 1996) (revoking probation).

Atkins contends that, under Federal Rule of Evidence 201, the district court could take notice only of the "adjudicative fact" of his acquittal rather than the underlying evidence of firearm possession. His arguments about the nuances of judicial notice under Rule 201 are immaterial because the Federal Rules of Evidence do not apply in revocation proceedings. *See United States v. Williams*, 847 F.3d 251, 253 (5th Cir. 2017), *petition for cert. filed* (June 16, 2017) (No. 17-5015); FED. R. EVID. 1101(d)(3).

Despite our previous order instructing Atkins to address "the substance or sufficiency of [the] evidence to prove the underlying conduct" of firearm possession, he has not done so. Regardless, the evidence was sufficient. Defense counsel conceded that the trial evidence showed that a functioning firearm was found in the back of Atkins's truck. Other unrebutted evidence showed that, during an investigation that led to Atkins being charged with murder, a revolver believed to be the murder weapon was found in his truck. That evidence, viewed in the light favorable to the government, supports a finding by a preponderance of the evidence that Atkins possessed a firearm. *See Spraglin*, 418 F.3d at 480; *Alaniz-Alaniz*, 38 F.3d at 792. The district court did not abuse its discretion, and the judgment is AFFIRMED.