# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60757
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELBIE HAROLD MOZINGO, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CR-46-1

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Elbie Harold Mozingo, Jr., appeals the revocation of his supervised release, arguing that the evidence was insufficient to establish that he engaged in the sale of controlled substances by a preponderance of the evidence. Although he concedes that some of the text messages on the cellular telephone found at his house were suggestive of drug activity, he maintains that his girlfriend was the primary user of the cell phone and that the Government did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not prove that he was the person who sent the suggestive text messages. Because Mozingo contested the alleged violations of his supervised release at the revocation hearing, he preserved this issue for appeal. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

This court generally reviews a revocation of supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). Revocation is proper if the district court finds "by a preponderance of the evidence that the defendant violated a condition of his release." *Id.*; *see* 18 U.S.C. § 3583(e)(3), (g)(1). The evidence and reasonable inferences from it are reviewed in the light most favorable to the Government. *United States v. Alaniz-Alaniz,* 38 F.3d 788, 792 (5th Cir. 1994). "The evidence is sufficient if a reasonable trier of fact could reach the conclusion being challenged." *Id.*

Viewing the evidence in the light most favorable to the Government, there was sufficient evidence to revoke Mozingo's supervised release. The evidence introduced at the revocation hearing established that Mozingo violated his supervised release by participating in drug related text messages concerning drug sales. A cellular telephone was found during a search of Mozingo's residence. Mozingo told the probation officers that the phone belonged to him and gave them permission to search it. Although some of the drug related text messages were sent by Mozingo's girlfriend, Gigi, there was sufficient evidence to establish by a preponderance of the evidence that Mozingo sent some of the drug related text messages. Therefore, the district court did not abuse its discretion in finding that the Government established by a preponderance of the evidence that Mozingo committed a Grade A violation of his supervised release by participating in drug related text messages concerning drug sales. *See Spraglin*, 418 F.3d at 480.

AFFIRMED.