# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11258
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS GILMORE STEWART,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:92-CR-231-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Thomas Gilmore Stewart was convicted in 1992 of being a felon in possession of a firearm and was sentenced to 46 months of imprisonment and three years of supervised release. His supervised release term began on October 17, 2013. Subsequently, the probation office filed a revocation petition alleging that Stewart had pleaded guilty to a state charge of possession of a controlled substance in Texas. At the revocation hearing,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11258

Stewart pleaded not true to the allegation. The Government introduced a certified copy of the judgment of conviction for Stewart's guilty plea to the state charge of possession of a controlled substance to support the petition for revocation of Stewart's release. The district court revoked Stewart's supervised release and sentenced him to 21 months of imprisonment and no additional supervised release.

Stewart argues that the district court erred in relying solely on the judgment of conviction to prove a violation of his conditions of release because he is actively challenging the validity of the guilty plea. We generally review a revocation of supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). Revocation is proper if the district court finds "by a preponderance of the evidence that the defendant violated a condition of his release." *Id.*; *see* 18 U.S.C. § 3583(e)(3); *see also United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005).

In *Spraglin*, we held that revocation based on commission of a new crime may be based on evidence of a conviction that is still pending appellate review. *Spraglin*, 418 F.3d at 480-81. Stewart acknowledges the holding in *Spraglin* and makes no specific argument to preclude the holding from being applied to the specific facts of this case. Stewart has not shown that the certified copy of the judgment of his conviction was not sufficient to establish by a preponderance of the evidence that he committed a crime or possessed a controlled substance. The district court did not abuse its discretion in finding that he violated the conditions of his supervised release. *See Spraglin*, 418 F.3d at 480; *Hinson*, 429 F.3d at 118-19.

AFFIRMED.