# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JEREMIAH FERNANDEZ YBARRA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-100-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jeremiah Fernandez Ybarra appeals the revocation of his term of supervised release. He contends that the Government failed to prove that he violated the condition of his release prohibiting him from committing a new federal, state, or local crime. Although he acknowledged at his revocation hearing that he had been convicted of a new federal offense, Ybarra notes that he has maintained his innocence of the new offense, that the Government

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50801

presented no evidence during the revocation hearing to prove that he committed the offense, and that his appeal of the new conviction is pending in this court.

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995). We ordinarily review the decision to revoke for abuse of discretion. *Id.* We need not determine here whether Ybarra's challenge to the revocation was preserved because there was no error by the district court, plain or otherwise. Ybarra's conviction for the new offense was sufficient to establish that he violated a condition of his supervised release, notwithstanding his pending appeal. *See United States v. Spraglin*, 418 F.3d 479, 480-81 (5th Cir. 2005).

AFFIRMED.