# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORMAN ALTON STARK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CR-84-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In 2011, Norman Alton Stark pled guilty to failure to register and update his registration under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250; he was sentenced to 27 months of imprisonment and five years of supervised release. In 2019, after an extensive hearing on revocation of supervised release, the district court found that Stark had committed at least six violations of the conditions of his supervised release,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including failing to update his sex-offender registration, as required by both SORNA and state law, following a change of his residence.  The district court revoked Stark's supervised release, sentenced him to 24 months of imprisonment, reimposed supervised release, and added several additional conditions of release.

Stark first argues that the district court erred in its belief that revocation was mandatory under SORNA for a violation of the conditions of supervised release.  However, he provides no record citations to show that the district court held such a belief, and our review of the record finds no evidence to support this assertion.  Thus, Stark has not shown error.

Next, Stark argues that the district court erred by finding that he committed violations justifying revocation.  We review a district court's decision to revoke supervised release for an abuse of discretion.  *See United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).  A district court does not abuse its discretion if a preponderance of the evidence satisfies the court that the defendant has failed to comply with a condition of release.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3).  We conclude that the district court did not abuse its discretion because the record contains ample evidence that Stark violated a condition of his release by failing to comply with SORNA and state law requiring him to update his registration within three days of a change of address.  Because this violation provides an adequate basis for revocation, we do not address Stark's claims of error as to the other alleged violations.  *See McCormick*, 54 F.3d at 219 n.3.

Stark also challenges his sentence, arguing that he should have received a lesser sentence of imprisonment and that he should not have received any term of supervised release.  Because we have concluded that the district court did not abuse its discretion by revoking supervised release based on Stark's

No. 19-30666

failure to update his registration in a timely manner, which was a Grade B violation, we conclude that Stark has not shown that the district court committed any procedural error in calculating the recommended sentencing range under the Guidelines. To the extent Stark is challenging the substantive reasonableness of his sentence of imprisonment or the decision to impose an additional term of supervised release, we evaluate substantive reasonableness for "an abuse of discretion, examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). We conclude that Stark has not shown that the term of imprisonment or the decision to impose a term of supervised release was an abuse of discretion.

Nevertheless, the term of supervised release the district court imposed is unclear. The district court said it was reimposing, reinstituting, or reinstating supervised release, but it did not list any specific term. Therefore, we conclude that Stark's sentence is ambiguous and illegal. *See United States v. Setser*, 607 F.3d 128, 132 (5th Cir. 2010) (holding in part that a sentence "may be illegal if it is ambiguous with respect to the time and manner in which it is to be served"). Although Stark has not raised this error on appeal, "[i]n exceptional circumstances, especially in criminal cases," we have discretion to take *sua sponte* notice of errors not presented in either the district court or the appellant's brief if "fairness and the public interest" so dictate. *United States v. Broussard*, 669 F.3d 537, 552 & n.10 (5th Cir. 2012). Therefore, we will vacate Stark's sentence of supervised release and remand to the district court for resentencing.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.