# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2020

Lyle W. Cayce
Clerk

No. 19-51070
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARLENE HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-770-3

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Arlene Hernandez appeals the revocation of her term of probation, which was based on her having committed another federal, state, or local crime. We review the district court's decision for an abuse of discretion. *See United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

Contrary to Hernandez's assertions, the Government was not required to prove the elements of the Texas offenses with which she was charged; rather

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51070

the district court could revoke Hernandez's probation if it found by a preponderance of the evidence that she violated a condition of her probation. *See Teran*, 98 F.3d at 836; *see also United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005). The simple possession of a controlled substance is both a federal and Texas crime. *See* 21 U.S.C. § 844; TEX. HEALTH & SAFETY CODE ANN. §§ 481.115-481.118. Hernandez concedes that the Government proved possession. The evidence and reasonable inferences from it, reviewed in the light most favorable to the Government, *see United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994), established that she more likely than not possessed controlled substances. Specifically, the arresting officer smelled a strong marijuana odor emanating from the vehicle in which Hernandez sat; inside the vehicle he found what he suspected to be cocaine, marijuana, Ecstasy, Xanax, and an acid tab; and the suspected Ecstasy and cocaine field-tested positive.

We review Hernandez's claim that the revocation violated her due process rights for plain error only. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). As detailed above, there was evidentiary support for a finding that she violated the conditions of her probation. Hernandez therefore fails to make the requisite showing that a due process error occurred or that the error was clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

AFFIRMED. The mandate shall issue immediately.