# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2020

Lyle W. Cayce
Clerk

No. 20-30016
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TIMOTHY IVEY, *also known as* TEE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-234-4

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Timothy Ivey pleaded guilty to conspiracy to possess, with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He was sentenced to 180-months' imprisonment and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30016

eight-years' supervised release.  Following his release to supervision, Ivey was arrested on charges of second-degree battery and aggravated assault with a deadly weapon.  The district court revoked Ivey's supervised release and sentenced him to, *inter alia*, 60-months' imprisonment.  Ivey challenges the district court's revoking his supervised release.

Our court reviews for abuse of discretion a district court's decision to revoke supervised release. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).  A district court does not abuse its discretion in revoking defendant's supervised release if a preponderance of the evidence satisfies the court that defendant failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3).  In reviewing a challenge to the sufficiency of the evidence for that decision, our court "must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government". *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted).

Viewed in the requisite light most favorable to the Government, the revocation-hearing evidence was sufficient for a reasonable trier of fact to conclude that Ivey violated the conditions of his release.  Based on the evidence before it, including Deputy Naccari's testimony, the photographic evidence, and the victim's written statement taken at the time of the incident, the district court found that Ivey argued with the victim at a bar, followed him to the parking lot with a gun, threatened to shoot him, then struck him repeatedly in the head with the butt of the gun.

Ivey asserts the court ignored substantial evidence that the victim's earlier identification of him as the attacker was unreliable.  Although the district court also had before it the victim's revocation-hearing testimony recanting his prior identification of Ivey, the court was "free to choose among

reasonable constructions of the evidence". *Id.* (internal quotation marks and citation omitted). The record shows that the court specifically accounted for the victim's intoxication and injuries when making the finding that his statements to Deputy Naccari identifying Ivey as his assailant were true and that his later testimony to the contrary was not credible.

The crux of Ivey's appeal is that the district court's credibility determination was erroneous. Because Ivey has not, as required, shown that the victim's earlier identification of him was "incredible as a matter of law", our court defers to the district court's credibility determination. *Id.* at 791 (internal quotation marks and citation omitted).

Ivey also asserts the admission of Deputy Naccari's hearsay testimony regarding statements the victim made at the scene and at the hospital violated Ivey's Sixth Amendment right of confrontation. The Confrontation Clause does not bar admission of prior testimonial statements when the declarant appears for cross-examination. *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). Because the victim was also called as a witness and questioned extensively by defense counsel, Deputy Naccari's testimony did not raise confrontation concerns.

A preponderance of sufficiently reliable evidence satisfied the district court that Ivey violated the terms of his supervised release by committing an aggravated assault. Therefore, the district court did not abuse its discretion in revoking Ivey's supervised release. *See Alaniz-Alaniz*, 38 F.3d at 792; *Spraglin*, 418 F.3d at 481; *McCormick*, 54 F.3d at 219.

AFFIRMED.