# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2021

Lyle W. Cayce
Clerk

No. 20-50865
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DISERAY GOMEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-192-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

In 2013, Diseray Gomez pleaded guilty to aiding and abetting possession with intent to distribute methamphetamine and was sentenced to five years of probation.  In 2015, she violated her probation and was sentenced to 24 months in prison and four years of supervised release, which she later

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50865

violated thus incurring more time in prison and on supervised release. Most recently, the district court revoked her supervised release for violating the condition to not commit another federal, state, or local crime when it ruled that she committed the state crime of aggravated assault with a deadly weapon. The district court sentenced her to 24 months in prison with no term of supervised release. On appeal, she contends that the Government's evidence was insufficient to prove that she committed the offense.

We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). The Government had to prove by a preponderance of the evidence that Gomez (1) intentionally or knowingly; (2) threatened someone; (3) with imminent bodily injury; (4) while exhibiting a deadly weapon. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994); *Philmon v. State*, 609 S.W.3d 532, 536 (Tex. Crim. App. 2020).

Viewed in the light most favorable to the Government, *Alaniz-Alaniz*, 38 F.3d at 792, the revocation hearing evidence in this case showed that Gomez had an altercation with individuals in a parking lot, retrieved a knife from her vehicle, and stabbed at the other individuals' vehicle with the knife. *See Victor v. State*, 874 S.W.2d 748, 751 (Tex. App. 1994) (holding that evidence of brandishing motions can be offered to establish that a knife is a deadly weapon). Thus, the district court did not abuse its discretion in revoking Gomez's supervised release for committing aggravated assault with a deadly weapon. *See Spraglin*, 418 F.3d at 480.

The district court's judgment is AFFIRMED.