# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2021

Lyle W. Cayce
Clerk

No. 20-50937
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Zackie Thomas Reed, IV,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-401-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Zackie Thomas Reed, IV, pleaded guilty to three counts of possession of pseudoephedrine knowing that it would be used to manufacture methamphetamine in violation of 21 U.S.C. § 841(c)(2). The district court sentenced him to 120 months of imprisonment—which was later reduced to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

100 months—and three years of supervised release.  Following a revocation hearing, the district court determined that Reed had violated the conditions of supervision by committing another federal, state, or local crime and by unlawfully possessing a control substance.  The district court revoked Reed's supervised release and sentenced him to 24 months of imprisonment with no additional term of supervised release.

On appeal, Reed argues that the evidence was insufficient to show that he unlawfully possessed a controlled substance, methamphetamine.  Specifically, he contends that the Government failed to prove by a preponderance of the evidence—either through a field test, laboratory analysis, or competent testimony—that the substance found on his person was in fact methamphetamine.

The district court could revoke Reed's supervised release if it found by a preponderance of the evidence that he violated a condition of his supervised release.  *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005); *see also United States v. Spraglin*, 418 F.3d 479, 481 (5th Cir. 2005).  The evidence, and all reasonable inferences drawn from it, when viewed in the light most favorable to the Government, supports that a reasonable trier of fact could conclude that Reed was in possession of a substance that was more likely than not methamphetamine.  *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).  Here, the arresting officer testified that he found a clear baggie on Reed's person containing a substance that he believed was methamphetamine based on his training with methamphetamine and experience as an officer of the police department's narcotics unit.  The arresting officer also found drug paraphernalia, including a glass methamphetamine pipe and multiple empty baggies, inside Reed's vehicle.  Furthermore, prior to the initiation of the traffic stop, the arresting officer observed Reed leaving a residence whose owner was the target of a narcotics investigation.

No. 20-50937

The district court thus did not abuse its discretion in revoking Reed's supervised release.  *See Spraglin*, 418 F.3d at 480.

AFFIRMED.