# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2023

Lyle W. Cayce
Clerk

————————

No. 23-60379
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

NATEAGUS DAMON MASON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-64-1

_____

Before JOLLY, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

The district court determined that Nateagus Damon Mason violated the conditions of his supervised release by committing another federal, state or local crime and by possessing illegal controlled substances, ordered that his release be revoked, and sentenced him to 18 months of imprisonment, followed by an 18-month term of supervised release.  On appeal, Mason

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

argues that the revocation was error because the evidence was insufficient to show that he committed the charged violations.  He complains that there was no direct evidence, such as dashboard camera or body camera footage, showing that he threw baggies of drugs out of the window of the SUV he was driving and complains that the arresting officer, Agent Decker, who testified at the revocation hearing, never identified him by his distinctive tattoos.  According to Mason, Agent Decker's testimony showed only that a black male threw the drugs and that, because both he and his passenger were black, it is possible that the passenger threw the drugs.

We review a district court's decision to revoke supervised release for an abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).  The district court could revoke Mason's supervised release if it found by a preponderance of the evidence that he violated a condition of his supervised release.  *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005); *see also Spraglin*, 418 F.3d at 481.  The evidence, and all reasonable inferences drawn from it, when viewed in the light most favorable to the Government, supports that a reasonable trier of fact could conclude that Mason threw baggies containing methamphetamine and MDMB out of the window of the SUV he was driving as he was being stopped for a traffic violation. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).  Agent Decker's testimony established that he was very close to the SUV at the time the drugs were thrown, that he saw the driver, later identified as Mason, throw the drugs with his left arm out of the driver's side window, and that he observed that the passenger never moved from the passenger's side of the vehicle.  Mason's appellate arguments are, in essence, a challenge to the credibility of Agent Decker's testimony, but this court will not revisit the district court's credibility determination.  *See id.* at 791.

No. 23-60379

The district court did not abuse its discretion in revoking Mason's supervised release. *See Spraglin*, 418 F.3d at 480. Accordingly, its judgment is AFFIRMED.