# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2024

Lyle W. Cayce
Clerk

No. 23-30875
Summary Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DUDLEY STEVENS NELSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-224-1

_____

Before JOLLY, JONES, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Dudley Stevens Nelson appeals the district court's revocation of his supervised release. Nelson contends that the district court erred when it found that he violated the terms of his supervised release by committing domestic abuse battery with a dangerous weapon based upon previous

_____

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 23-30875

unsworn statements by a victim who later recanted in court.

We review a district court's decision to revoke supervised release for abuse of discretion, *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005), and its underlying factual findings for clear error, *United States v. Alaniz-Alaniz*, 38 F.3d 788, 790 (5th Cir. 1994). A district court does not abuse its discretion in revoking a defendant's supervised release if a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e)(3). In reviewing a challenge to the sufficiency of the evidence, we "must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government." *Alaniz-Alaniz*, 38 F.3d at 792 (internal quotation marks and citation omitted).

Viewed in the light most favorable to the Government, the revocation hearing evidence—including the testimony of a responding officer and Nelson's probation officer, audio and video recordings from the responding officers' body cameras, and texts and photographs sent by the victim to the probation officer—was sufficient to establish by a preponderance of the evidence that the victim's recantation was not credible and that Nelson violated the terms of his supervised release by committing domestic abuse battery. *See McCormick*, 54 F.3d at 219; *Alaniz-Alaniz*, 38 F.3d at 792. Accordingly, the district court did not abuse its discretion in revoking Nelson's supervised release. *See Spraglin*, 418 F.3d at 480-81.

The judgment of the district court is AFFIRMED.