# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 24-30078
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Peter Greer,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-180-1

_____

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Peter Greer appeals the revocation of his term of supervised release. He stipulated that he committed the violations underlying his revocation, so his sole focus on appeal is the propriety of the district court's determination that those violations warranted revocation under the instant circumstances.

—————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30078

We review a district court's decision to revoke a term of supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005).  A district court does not abuse its discretion, if in revoking a defendant's term of supervised release, a preponderance of the evidence satisfies the court that the defendant has failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *see* 18 U.S.C. § 3583(e).  Our examination of the record shows that the district court considered the relevant information and acted within its discretion in determining that revocation was warranted under these circumstances. *See* § 3583(e)(3); U.S.S.G. § 7B1.3(a)(2); § 7B1.3, comment. (n.1).

The district court's judgment is AFFIRMED.