# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60291
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAKENDRICK LASHUN SPIVA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-100-1

———————————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Lakendrick Lashun Spiva appeals the revocation of his term of federal supervised release. Specifically, he argues that the district court erred by finding that he had violated the conditions of his supervised release by committing aggravated assault.

———————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60291

We assume, without deciding, that Spiva has preserved his argument as to the sufficiency of the evidence. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018). As such, we review the district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). In reviewing a challenge to the sufficiency of the evidence, we "must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the [G]overnment." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994).

Based upon our review of the revocation hearing testimony, a reasonable trier of fact could conclude that Spiva committed the aggravated assault. *See id.* Accordingly, the district court did not abuse its discretion in revoking Spiva's supervised release. *See Spraglin*, 418 F.3d at 480-81.

The judgment of the district court is AFFIRMED.